### CONLEY et al. v. INTERNATIONAL PUMP CO.

### GUARANTY TRUST CO. OF NEW YORK v. SAME.

(District Court, S. D. New York. September 14, 1915.)

No. E–11–382.

1. CORPORATIONS ☞482(3)—MORTGAGES—FORECLOSURE—DENIAL.
   A foreclosure of a mortgage on corporate property cannot be attacked by a few of the corporate stockholders on the ground that the plan of reorganization proposed out of court is inequitable, though a chancellor may refuse to sign a final decree intended to carry out a grossly unfair settlement.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1881; Dec. Dig. ☞482(3).]

2. CORPORATIONS ☞482(3)—MORTGAGES—FORECLOSURE—RIGHT TO INTERVENE.
   Holders of the preferred stock of defendant corporation applied to intervene in a suit to foreclose a mortgage given by defendant, alleging that the defaults which occasioned the necessity for foreclosure were the result of a conspiracy between the bondholders of the corporation and officers of the same, intended to precipitate foreclosure, when in fact the corporation was solvent and able to pay the interest and other charges. The stockholders had previously procured the appointment of a receiver in the state court, who had appeared and was defending the foreclosure suit. *Held* that, though the charge was serious, and would ordinarily entitle the stockholders to intervene and protect their interests, they should not be allowed to intervene to advance a defense which they had not even communicated to the receiver, and which he could advance.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1881; Dec. Dig. ☞482(3).]

In Equity. Bill by William N. Conley and others against the International Pump Company, consolidated with a bill by the Guaranty Trust Company of New York, as trustee, against the same defendant. On application of Roger S. Sturgis and others, as holders of preferred stock of defendant, for leave to intervene. Application denied.

See, also, 231 Fed. 594, —— C. C. A. ——.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Motion on behalf of Roger S. Sturgis and others, describing themselves as holders of the preferred stock of defendant International Pump Company, for leave to intervene in the above action, to be made parties thereto, and to file such answers and to take such other proceedings as they may be advised, and to that end that the receivers herein be instructed to grant petitioners inspection of all the records of the company and of the receivership until the expiration of the time within which said petitioners shall be permitted to file answers as aforesaid.

W. Bourke Cockran, of New York City, and J. Merritt Lane, of Jersey City, N. J., for petitioners.

E. M. Leventritt, Paul D. Cravath, and Allen Wardwell, all of New York City, and Gilbert Collins, of Jersey City, for all parties of record.

HOUGH, Circuit Judge. The first of the actions above entitled is a creditors' bill; the second is the foreclosure of a mortgage.

One of the reasons for petitioners desiring to intervene is to assert the alleged infirmity of jurisdiction in respect of the creditors' bill. It appears by inspection of the mortgage under which the Guaranty Trust Company is proceeding that the pump company agreed to maintain an office in the city of New York (although a New Jersey corporation), and it was not denied upon the hearing that such office was maintained. As the interest coupons of the bonds issued under the Guaranty Trust Company mortgage were payable at the office or agency of the pump company in the city of New York, it is obvious that such office or agency had to be kept up.

The sole object of the foreclosure suit is to realize upon the mortgage, and the Guaranty Trust Company is a New York corporation. The requisite diversity of citizenship existing, it is too plain for argument that the trust company had a right to proceed in this jurisdiction, so that a voluntary appearance by the pump company in the foreclosure suit was no more than compliance with the exigency of a subpoena which might easily have been taken out.

The order of consolidation was a mere convenience; the suits could again be severed, if desired. As intimated upon the argument, I should be inclined under almost any circumstances to permit the intervention of any persons or parties having a real interest in the defendant in the creditors' suit. But that action has been completely swallowed by and absorbed in the foreclosure suit, so that the substantial question here is this, viz.: Upon the showing made, are the moving preferred shareholders entitled at the present time to intervene in the foreclosure action in order to advance any or all of the propositions revealed in their moving papers?

[1] The major part of the moving papers is taken up with complaints of the inequity of a proposed plan of reorganization. I do not think that courts sit to redraw or modify or make suggestions concerning such voluntary business arrangements as reorganization plans. There have been circumstances, and they may arise again, when a chancellor may bluntly refuse to sign a final decree which is intended to

carry out a grossly unfair settlement; but it is certainly a curious conception of practice which leads a small body of shareholders to seek to answer a foreclosure bill merely because they are dissatisfied with what the foreclosing complainant says out of court it hopes or even intends to do after the final decree is procured.

[2] Indeed, I think prolonged argument reduced the petitioners' application to one proposition, namely, that they should be allowed to show by answer and evidence that the defaults which occasioned the necessity for foreclosure were the result of a conspiracy between the bondholders of this defendant and the officers of the same; the object of such conspiracy being to precipitate foreclosure when as matter of fact the company was solvent and able to pay the interest and other charges, failure in respect of which is the gravamen of the foreclosure bill.

These are very serious allegations, and are said to require the favorable action of the court, under the controlling authority of Louisville Trust Co. v. Louisville, etc., R. R., 174 U. S. 674, 689, 19 Sup. Ct. 827, 832 (43 L. Ed. 1130). The ground of that decision, however, is thus stated:

"While not intending any displacement of the ordinary rules or rights of a mortgagor or mortgagee in a foreclosure, we believe that under the circumstances as presented by this record there was error; that the charge, alleged positively, *and supported by many circumstances*, of collusion, * * * was one compelling investigation."

It is in my judgment entirely obvious that, while these petitioners make the charge of collusion positively, they fail to support their charge by any circumstances or proof whatever. Yet in many cases I should incline to admit as parties defendant those making charges of such moment, upon their giving reasonable security to make good the expense caused by their intervention, if unsuccessful.

In this instance, however, I shall not do so, because of what I believe to be the underlying principle of intervention in equity. Necessary parties to a proceeding are those without whose presence a binding decree could not be made. Interveners are (generally speaking) those who show an equitable claim to present their own individual demands, because and only because the parties already in the action do not, will not, or cannot properly and efficiently present the intervening interests.

In this instance there has been appointed at the instigation of some or all of the present proposed interveners a statutory receiver under the acts of New Jersey. I have been favored with a copy of Vice Chancellor Stevenson's remarks upon granting the application for receivership, and am more than willing to accept his views as to the function of receivers under the statutes aforesaid. That receiver (Judge Collins) is already a party to this foreclosure suit. He is at liberty to advance such defenses as to him seem just and well founded, or such as he may be advised to present by the court of his appointment. Any defense which Receiver Collins desires to advance will doubtless be admitted to the record and put in shape to be considered by this and higher courts.

It is an unseemly and an unnecessary act to permit a few stockholders, who applied for and obtained a receivership in the company's own state, to intervene in the same suit to which the receiver is a party, and advance a defense which they have not communicated to the receiver himself.  He is charged with the duty of protecting their interests, if they have any worthy of protection, and it is in my judgment advisable that they should lay their complaint before him, and if, after consultation with Judge Collins and possible application to the Chancery Court of New Jersey, their complaint is not deemed worthy of being advanced through Judge Collins, it is not worthy of being advanced at all.

I understand that complainant trust company and its solicitors agree that the New Jersey receiver shall have time to decide as to what course he will pursue, and to that end they are willing to make the following stipulation:

"The complainant herein is not to close the case before the special master until Receiver Collins has had an opportunity to obtain instructions from the. Vice Chancellor of New Jersey and to act upon such instructions when obtained, provided that the receiver make his application and proceed with the same promptly.  This cause before the special master is in no event to be closed, except upon at least one week's notice to Receiver Collins, and the time of the special master in which to file his report shall be correspondingly extended."

This stipulation is approved, and, if desired, the substance thereof may be embodied in an order.

The application of the petitioners is denied.